132 F.3d 37
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Vernon Renay WOODS, Jr., Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-3900.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 25, 1997.*
Decided Dec. 16, 1997.
 
 Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division, No. IP 96-680-C; S. Hugh Dillin, Judge.
 Before FAIRCHILD, CUMMINGS and MANION, Circuit Judges.
 
 ORDER
 
 1
 In 1990, Vernon Woods pleaded guilty to various charges arising out of his leadership in a drug conspiracy. Among the charges to which he pleaded guilty was a violation of 18 U.S.C. § 924(c)(1) for "using and carrying" a firearm in relation to a drug offense. Woods now argues that, in light of Bailey v. United States, 116 S.Ct. 501 (1995), his conviction under § 924(c)(1) should be set aside and he should be resentenced because the conduct he admitted to does not constitute a crime under the redefined § 924(c)( 1). We vacate Woods's § 924(c)(1) conviction and remand for resentencing.
 
 
 2
 Bailey limited the term "use" in § 924(c)(1) to situations where "the defendant actively employed the firearm during and in relation to the predicate crime." Id. at 509. While Bailey did not define "carry" as used in § 924(c)(1), we have construed it to include at least situations where the defendant "possesses a weapon on his or her person," United States v. Cooke, 110 F.3d 1288, 1295 (7th Cir.1997), and when a defendant transports a firearm "within his immediate reach." United States v. Baker, 78 F.3d 1241, 1247 (7th Cir.1996), cert. denied, 117 S.Ct. 1720 (1997). However, the mere presence of a gun in the room with a defendant is insufficient to qualify as "carrying" a weapon. Stanback v. United States, 113 F.3d 651, 657-58 (7th Cir.1997).
 
 
 3
 The factual basis for Woods's plea included a statement by Special Agent Carney of the Bureau of Alcohol, Tobacco and Firearms that Woods had a firearm "on him or closely by" during a drug transaction in a hotel room in Indianapolis. This statement is insufficiently precise to allow for an inference that Woods carried a weapon at the transaction. If in fact Woods had a firearm "on him" during a drug transaction, that would clearly meet this circuit's definition of "carry" in § 924(c)(1). But if the weapon was only "closely by" Woods, Stanback suggests that we cannot draw the inference that Woods carried the gun at some point in relation to the drug transaction when other people could have carried the gun into the room.
 
 
 4
 In Stanback, officers who came to Stanback's apartment to arrest him found a gun owned by Stanback on an "ersatz coffee table" near where he was cutting cocaine. Id. at 652, 656. However, two other people who Stanback insisted were not involved with his cocaine dealing were also present in the room with Stanback. Id. at 652. The Stanback panel recognized that the inference that Stanback had carried the weapon into the room with the cocaine was plausible, "nothing in the record tend[ed] to confirm that scenario to the reasonable exclusion of other scenarios that do not involve Stanback transporting the gun." Id. at 657. In this case, like Stanback, there were two other people in the room with Woods during the drug transaction. There is no evidence in the record that tends to support the validity of the inference that the guns "closely by" Woods in the hotel room were carried by Woods over the inference that either of the other two people in the room carried a firearm into the room. Thus, because no evidence shows that Woods used or carried a firearm within the current understanding of § 924(c)(1), Woods's § 924(c)(1) conviction is invalid.
 
 
 5
 We therefore vacate the conviction, and remand to the district court for resentencing on the remaining four charges. However, we do not disturb the other four convictions. The resentencing inquiry should be limited to the issues raised by the lack of the § 924(c)(1) conviction. In the absence of the § 924(c)(1) conviction, Woods may qualify for a 2 level sentence enhancement for "possessing" a firearm pursuant to U.S.S.G. § 2D1. 1(b)(1). Thus, on remand, the court should confine the resentencing inquiry to whether Woods qualifies for the 2 level enhancement, and resentence accordingly
 
 
 6
 Woods raises four other issues on this appeal that were not raised in his original § 2255 motion, but were raised in a subsequent § 2255 motion. The second § 2255 motion was dismissed by the district court for lack of jurisdiction, because this court had not given permission to the district court to consider the second petition. See 22 U.S.C. §§ 2244(b), 2255. Woods filed a motion with this court for permission to file a successive appeal which was dismissed without prejudice for failure to comply with the requirements of Circuit Rule 22.2. Now, citing Cir. Rule 22(c), Woods argues that we should address his claims even though he never presented them to the district court. Circuit Rule 22 is inapplicable here, as by its title it applies only to "petitioners under a sentence of capital punishment," which Woods plainly is not. Therefore, we must adhere to the general rule that arguments not raised in the district court may not be raised on appeal. See Moffat v. Gilmore, 113 F.3d 698, 703 (7th Cir.1997).
 
 
 7
 If Woods would like the arguments in his second habeas petition considered, he must first obtain permission to proceed from this court. If he wants us to consider granting him permission to proceed, he must make a filing in the form required by Circuit Rule 22.2. The clerk is directed to send a copy of Circuit Rule 22.2 to Woods along with this decision.
 
 
 8
 VACATED AND REMANDED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a); Cir. R. 34(f)